*Katz v. Cellco Partnership*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand nineteen.

PRESENT:

> ROBERT D. SACK,
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

––––––––––––––––––––––––––––––––––––––––––

MICHAEL A. KATZ,
individually and on behalf of all others similarly situated,

> *Plaintiff-Appellant,*

> > v.                                                                                      No. 18-1436

CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,

> *Defendant-Appellee.*

––––––––––––––––––––––––––––––––––––––––––

FOR APPELLANT:                          WILLIAM ROBERT WEINSTEIN, ESQ.,
                                        White Plains, N.Y.

FOR APPELLEE:                           LEIGH R. SCHACHTER, Verizon
                                        Communications, Basking Ridge, N.J.
                                        (Joshua S. Turner, Jeremy J. Broggi, and

Bethany A. Corbin, Wiley Rein LLP, Washington, D.C., *on the brief)*

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment appealed from entered on April 18, 2018, is **AFFIRMED**.

Plaintiff-Appellant Michael Katz brings this putative class action against Defendant-Appellee Cellco Partnership d/b/a Verizon Wireless ("Verizon"), asserting claims under New York state law for breach of contract and consumer fraud based on an administrative charge that Verizon adds to the monthly bill of each of its subscribers. Katz was compelled to arbitrate the dispute and, dissatisfied with the outcome, he sought vacatur and de novo review of the arbitrator's legal conclusions in the District Court, arguing that the standard of review imposed by the Federal Arbitration Act violates his due process right to judicial review. The District Court declined to exercise de novo review and confirmed the arbitration decisions. Katz appeals.

We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm the judgment of the District Court.

Katz entered into a customer agreement with Verizon in 2011. The agreement contained an arbitration clause requiring the parties "to resolve disputes only by arbitration or in small claims court" and prohibiting class arbitrations. App'x 29. In December 2012, Katz sued Verizon in federal court, asserting class claims for breach of contract and consumer fraud related to the monthly administrative charge under New York's General Business Law ("GBL") section 349. He also sought a declaration that compelling arbitration on these claims would violate Article III of the United States Constitution.

On December 12, 2013, the District Court entered an order compelling arbitration and dismissing Katz's federal case. As relevant here, the District Court rejected Katz's

2

Article III claim because Katz could not show state action in Verizon's inclusion of an arbitration clause in its customer agreement or its acts to compel arbitration. This Court affirmed the District Court's reasoning but vacated the judgment and remanded in part with instructions to stay (instead of dismiss) the proceedings pending arbitration. *Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015).

Arbitration then ensued. Between 2016 and 2017, the arbitrator issued decisions collectively granting Verizon judgment on the pleadings; ordering Verizon to pay Katz $1,500 that Verizon had previously tendered to settle the dispute, as well as $500 in attorney's fees; and denying Katz injunctive relief for himself and a putative class.

Katz then returned to the District Court, moving to vacate the arbitration decisions in substantial part and to renew his claims. As relevant here, Katz argued that the standard of review imposed by the Federal Arbitration Act violates his Fifth Amendment due process right to judicial review. The District Court rejected Katz's motions, ruling that its previous holding that Katz had not shown state action in Verizon's signing and enforcement of the private arbitration agreement is law of the case and therefore, that Katz has no viable constitutional claim. Accordingly, the court confirmed the arbitration decisions in full. Katz now appeals as to his due process claim.

Even without recourse to the law of the case, we conclude that Katz's claim fails on the merits. To state a due process claim under the Fifth Amendment, a plaintiff must show that: "(1) state action (2) deprived him or her of liberty or property (3) without due process of law." *Barrows v. Burwell*, 777 F.3d 106, 113 (2d Cir. 2015). As we have held repeatedly, a private party's agreement to arbitration does not constitute state action, and the enforcement of such an agreement cannot ordinarily give rise to a due process claim. *See Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 138 (2d Cir. 2002) ("It is clear that [the National Association of Securities Dealers] is not a state actor and its requirement of mandatory arbitration is not state action."); *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 207 (2d Cir. 1999) ("[W]e find no state action in the application or enforcement of the arbitration clause."). Like NASD in *Perpetual* and *Desiderio*, Verizon is a private concern, not a state actor, and its enforcement of an arbitration agreement does not transform it into an arm of the state.

3

\* \* \*

We have considered Appellant's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the District Court's judgment.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court
